UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANE CAHILL,    No. 2:11-cv-01688-MCE-JFM

    Plaintiff,

  v.    MEMORANDUM AND ORDER

BANK OF AMERICAN, NA, et al.,

    Defendants.

----oo0oo----

    Presently before the Court is Plaintiff's third Motion for Temporary Restraining Order ("Motion") (ECF No. 7).  For the following reasons, Plaintiff's Motion is DENIED.

    On June 23, 2011, the Court rejected Plaintiff's initial motion for temporary restraining order (ECF No. 2) on grounds it failed to provide adequate notice in accordance with the provisions of Local Rule 231. The Court likewise rejected Plaintiff's second motion (ECF No. 5), filed on June 29, 2011, for a failure to comply with Rule 231.  Plaintiff has since filed a third Motion (ECF No. 7) that still fails to comply with Rule 231.

1

In her latest filing, Plaintiff again included a copy of her notice indicating that her second Motion was served on various Defendants by certified mail on June 27, 2011. In addition, Plaintiff provided an affidavit indicating that she attempted to telephone various Defendants at a variety of primarily toll-free numbers and that she faxed copies of her motion papers to those Defendants as well. According to Plaintiff, "Certified Letters and fax was the best means to notify the parties as phone calls resulted in representatives of the defendants not knowing what to do with the information." Plaintiff's conclusory assertion is again insufficient under Rule 231 to detail why the above attempts represented the best way to provide notice to Defendants at the addresses most likely to provide such notice. Plaintiff fails to articulate why simply sending certified letters or faxes to unknown individuals within the Defendant entities is more apt to provide notice to Defendants than, for example, personal service on Defendants' California agents for service of process. Given that Plaintiff has had almost two weeks in which to notify Defendants of her intent to file this Motion, and despite scheduling of the Trustee's Sale for tomorrow, July 6, no exigent circumstances justify granting Plaintiff's requested relief now without notice.

Regardless, notwithstanding Plaintiff's above failures, Plaintiff's Motion is substantively inadequate as well. Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and a Plaintiff has the burden of proving the propriety of such a remedy by clear and convincing evidence. See Mazurek v. Armstrong, 520 U.S. 968,

972 (1997); <u>Granny Goose Foods, Inc. v. Teamsters</u>, 415 U.S. 423, 441 (1974). Certain prerequisites must be satisfied prior to issuance of a temporary restraining order. <u>See</u> <u>Granny Goose</u>, 415 U.S. at 439 (stating that the purpose of a temporary restraining order is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In general, the showing required for a temporary restraining order is the same as that required for a preliminary inunction. <u>Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To prevail, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Nat'l Res. Def. Council, Inc.</u>, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (finding that sliding scale test for issuance of preliminary injunctive relief remains viable after <u>Winter</u>). Plaintiff has failed to make the requisite showing that she is either likely to succeed on the merits of her claims or that she has raised serious questions going to those

3

merits.  Accordingly, for the reasons just stated, Plaintiff's Motion for Temporary Restraining Order (ECF No. 7) is DENIED.

   IT IS SO ORDERED.

Dated: July 5, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE