IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE CAHILL,

      Plaintiff,                           No. CIV 2:11-cv-1688-MCE-JFM (PS)

   vs.

BANK OF AMERICA, NA, *et al.*,

      Defendants.                     <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

This action arises out of a nonjudicial foreclosure of real property located at 209 Blagdon Court, Roseville, California 95747. Plaintiff's complaint, filed June 22, 2011, names as defendants Bank of America; Reconstruct Company; Mortgage Electronic Registration Systems, Inc.; American Home Mortgage Corp; John Norris of Keller Williams Realty South Placer; Timothy Geithner, Secretary of the Treasury; and Eric Holder, Attorney General of the United States. Plaintiff presents multiple state law claims, including set aside foreclosure claim, usury, failure of consideration, breach of contract, ultra vires, indefiniteness of contract, unconscionability, fraud, cancellation and breach of trust. Liberally construed, plaintiff also states two federal claims: a Civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claim, 18 U.S.C. § 1961–1968, and the Real Estate Settlement Procedures Act ("RESPA") claim, 12 U.S.C. § 2607. In addition, plaintiff alleges defendants participated in criminal wrongdoing. Plaintiff seeks declaratory relief, damages and injunctive relief.

The court begins its review of plaintiff's complaint by noting that it is twenty-eight pages long.  While replete with citations to statutory and case law, a history of United States lending practices and unsubstantiated conclusions, its factual allegations are minimal.  Thus, the court concludes that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Furthermore, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Jones, 733 F.2d at 649.  The complaint fails to identify any acts that would render John Norris liable under any theory of liability.  Plaintiff's claims against American Home Mortgage Corp.[1] similarly fail.  Additionally, plaintiff adds Timothy Geithner and Eric Holder as indispensable parties pursuant to statute.  Plaintiff relies on "46 U.S.C. § 748" in asserting that Geithner is "authorized to pay claims and judgments and for the return of property."  Compl. at 9.  Plaintiff then relies on "50 App USC 7, 9 and 32" to argue that Holder is authorized to return property.  Id.  Neither of these provisions, however, are relevant to the instant case.  Appendix 748 concerns suits in admiralty and Title 50 of the United States Code concerns the role of war and national defense.  Because there is no other basis for the inclusion of Geithner or Holder, neither are properly named defendants.

Finally, it is evident that plaintiff's RICO claim fails.  To properly plead a civil RICO claim for damages, a plaintiff must show that defendants, through two or more acts constituting a pattern, participated in an activity affecting interstate commerce.  E.g., McAnelly v. PNC Mortgage, 2011 WL 318575 at *3 (E.D. Cal. Feb.1, 2011).  Moreover, Rule 9(b)'s heightened pleading requirement "applies to civil RICO fraud claims."  Edwards v. Marin Park,

---

[1] American Home Mortgage Corp. is the originator of plaintiff's home loan.  Compl. at 7, ¶ 12.

3

1  Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing Alan Neuman Prods., Inc. v. Albright, 862

2  F.2d 1388, 1392 (9th Cir. 1989)).  Plaintiff's conclusory allegations here fall well short of the

3  Rule 9(b) particularity requirements.  Plaintiff fails to provide any substantiating facts to

4  illustrate a pattern of racketeering.

5        Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

6  8(a)(2), the complaint must be dismissed.  Plaintiff will however be granted leave to file an

7  amended complaint.

8        If plaintiff chooses to amend the complaint, plaintiff must set forth the

9  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

10  Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

11  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

12        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14  amended complaint be complete in itself without reference to any prior pleading.  This is

15  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

16  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18  original complaint, each claim and the involvement of each defendant must be sufficiently

19  alleged.

20        In accordance with the above, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's request to proceed in forma pauperis is granted;

22        2.  Plaintiff's complaint is dismissed; and

23        3  Plaintiff is granted thirty days from the date of service of this order to file an

24  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

25  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

26  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

1 copies of the amended complaint; failure to file an amended complaint in accordance with this
2 order will result in a recommendation that this action be dismissed.
3 DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;cahi1688.dismiss.lta