IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE CAHILL,

        Plaintiff,                    No. CIV 2:11-cv-1688-MCE-JFM (PS)

    vs.

BANK OF AMERICA, NA, *et al.*,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is proceeding in this action pro se. Pending before the court is plaintiff's April 25, 2012 request for hearing for entry of default judgment against the named defendants.

        Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In pertinent part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

1

(2) By the Court. In all other cases, the party must apply to the court for a default judgment ....

The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir .1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment' ").

In this case, the clerk's entry of default has not been entered against any of the defendants. Because plaintiff has failed to comply with Eitel's first step, plaintiff's request for a hearing date will be denied as premature.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's April 25, 2012 request is denied.

DATE: May 7, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;cahi1688.mdj