IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE CAHILL,

      Plaintiff,                     No. CIV 2:11-cv-1688-MCE-JFM (PS)

     vs.

BANK OF AMERICA, NA, *et al.*,

      Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

                              /

On June 28, 2012, the court held a hearing on defendants' motion to dismiss and motion to strike. Plaintiff appeared in pro per. Margarita Calpotura appeared by telephone for defendants. On review of the filings, discussion of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    <u>Procedural History</u>

This action was filed on June 22, 2011 and is proceeding on a first amended complaint ("FAC") dated November 22, 2011. Plaintiff sets forth eight claims related to the foreclosure of real property located at 209 Blagdon Court, Roseville, California 95747 ("the Subject Property"). Plaintiff's claims are for (1) fraud, (2) violations of the Financial

1

1  Accounting Standards Number 140 ("FAS No. 140") and the Fair Debt Collections Practices Act
2  ("FDCPA"), 15 U.S.C. §§ 1692-1692p; (3) wrongful disclosure; (4) lack of standing to conduct a
3  non-judicial foreclosure; (5) violation of the Truth in Lending Act ("TILA") 15 U.S.C. §§ 1601
4  *et seq.*; (6) fraudulent misrepresentation; (7) set aside foreclosure; and (8) breach.  Doc. No. 10.
5  Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages and
6  rescission.

7           On screening the FAC, the court found it to state claims against defendants Bank
8  of America, N.A. ("Bank of America"), ReconTrust Company ("ReconTrust"), Mortgage
9  Electronic Registration Systems ("MERS"), American Home Mortgage Corp., and, finally,
10 FEPRS, LLC.[1]  Doc. No. 11.

11          On May 7, 2012, defendants Bank of America, MERS and ReconTrust filed the
12 instant motion to dismiss and a motion to strike.  Plaintiff opposes both motions.

13 B.      Allegations from the FAC and Judicially Noticed Facts[2]

14          On September 22, 2004, plaintiff obtained a home loan mortgage from American
15 Home Mortgage Corp. in the amount of $287,900.00.  See Request for Judicial Notice ("RJN"),
16 Ex. A.  A Deed of Trust ("DOT") was filed with the Placer County Recorder's Office on
17 September 30, 2004.  Id.  The DOT identified Fidelity National Title Company as the Trustee
18 and MERS as the Beneficiary.  Id.

19          On June 5, 2009, a Substitution of Trustee was filed in the Placer County
20 Recorder's Office naming ReconTrust as the Trustee, in place of Fidelity National Title
21 Company.  RJN, Ex. B.

---

[1] Defendants American Home Mortgage and FEPRS have not yet been served.  See Doc. Nos. 17, 30.

[2] This court takes judicial notice of the public records referenced herein.  See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1    On August 6, 2008, ReconTrust filed a "Notice of Default and Election to Sell
2 Under Deed of Trust" with the Placer County Recorder's Office.  RJN, Ex. C.
3    On April 7, 2011, MERS executed a Corporation Assignment of Deed of Trust,
4 assigning all beneficial interest under the DOT to BAC Home Loans Servicing LP (formerly
5 known as Countywide Home Loans Servicing LP).  RJN, Ex. D.  This Assignment was recorded
6 with the Placer County Recorder's Office on April 12, 2011.  Id.
7    In an undated letter to plaintiff, Bank of America confirmed that on July 1, 2011,
8 its subsidiary, BAC Home Loans Servicing LP, transferred the servicing of home loans to its
9 parent company, Bank of America, N.A.  FAC, Ex. H.
10    On July 1, 2011, Bank of America sent plaintiff a Notice of Default.  See FAC,
11 Ex. D.
12    On July 29, 2011, plaintiff responded to Bank of America by sending it a
13 correspondence entitled "Dispute of Debt and Notice of Default."  FAC, Ex. D.  In the letter,
14 plaintiff alleged that Bank of America is not the holder of the DOT and sought verification from
15 Bank of America that it was a real party in interest.  Id.
16    On June 14, 2011, ReconTrust recorded a Notice of Trustee's Sale.  RJN, Ex. G.
17 Per this Notice, the Subject Property was sold through a foreclosure sale on July 22, 2011, and a
18 Trustee's Deed Upon Sale was recorded on August 8, 2011.  Id., Ex. H.  The Subject Property
19 was sold to defendant FEPRS, LLC.  Id.

## LEGAL STANDARDS

21    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
22 sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
23 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of
24 sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901
25 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
26 relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.

1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

      In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

      The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include pleadings and other papers filed with a court.  <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

DISCUSSION

A.    <u>Motion to Dismiss</u>

      Because the court's jurisdiction over this case hinges on the presence of an actionable federal claim, the court turns to plaintiff's federal claims first.

    1.    <u>Federal Claims</u>

        a.    <u>Federal Debt Collection Practices Act</u>[3]

In the FAC, plaintiff alleges generally that defendants sold her mortgage loan to shareholders and investors.  Specific to her FDCPA claim, plaintiff avers that, when defendants sold the mortgage loan to others, they lost their ability to enforce, control or otherwise foreclose on the Subject Property.

---

[3] Plaintiff also purports to bring a claim under FAS No. 140 yet offers no support to show that a private right of action exists pursuant to FAS No. 140.

4

In their motion, defendants argue that the FDCPA has no application to the actions taken in connection with the foreclosure of the Subject Property because the activity of foreclosing upon a property is not a collection of a debt.

The FDCPA prohibits "debt collectors" from engaging in various unlawful debt collection practices. 15 U.S.C. §§ 1692a & 1692e. A "debt collector" includes any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Id. § 1692a(5).

Though the Ninth Circuit has not yet decided whether the FDCPA applies to a non-judicial foreclosure, courts within this Circuit have concluded that it does not constitute "debt collection" under the FDCPA. See, e.g., Aniel v. EMC Mortg. Corp., 2011 WL 835879, at *5 (N.D. Cal. Mar. 4, 2011); Hanaway v. JPMorgan Chase Bank, 2011 WL 672559, at *4 (C.D. Cal. Feb. 15, 2011) ("Since a transfer in interest is the aim of a foreclosure, and not a collection of debt, the foreclosure proceeding is not a debt collection action under the FDCPA."); Aniel v. T.D. Serv. Co., 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010) ("allegations relating to the FDCPA claim relate to foreclosure proceedings and courts throughout this circuit have concluded that foreclosure does not constitute 'debt collection' under the FDCPA"); Deissner v. Mortgage Elec. Regis. Sys., 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."), aff'd, 2010 WL 2464899 (9th Cir. Jun. 17, 2010) (internal quotations omitted); Landayan v. Wash. Mutual Bank, 2009 WL 3047238, at *3 (N.D. Cal. Sept. 18, 2009) ("A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to

1  collect a debt for purposes of the FDCPA") (citing <u>Maguire v. Citicorp. Retail Svcs., Inc.</u>, 147

2  F.3d 232, 236 (2d Cir. 1998) and <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir.

3  1985)).

4     Plaintiff's claims here arise from and relate to the foreclosure of the Subject

5  Property. The court thus finds that plaintiff has not established that any named defendant

6  engaged in "debt collection practices" under the FDCPA. Accordingly, this claim should be

7  dismissed with prejudice.

8     b. <u>Real Estate Settlement Procedures Act</u>

9     Although not one of her enumerated claims, plaintiff alleges defendants violated

10 the Real Estate Settlement Procedures Act ("RESPA"), § 8(b), 12 U.S.C.A. § 2607(b), when they

11 failed to respond to her Qualified Written Request ("QWR"). Defendants seek dismissal of this

12 claim on the grounds that plaintiff's letter does not constitute a QWR and plaintiff fails to allege

13 any pecuniary loss.

14    Plaintiff's claim that defendants failed to respond to her QWR arises from a

15 purported violation of 12 U.S.C. § 2605(e). Under § 2605(e), a loan servicer has an obligation to

16 act when it receives a QWR from the borrower or borrower's agent "for information relating to

17 the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). "'Servicing' means receiving any

18 scheduled periodic payments from a borrower ... and making the payments of principal and

19 interest and such other payments with respect to the amounts received from the borrower." <u>Id.</u>

20 § 2605(i)(3). RESPA defines a QWR as "written correspondence" that "includes, or otherwise

21 enables the servicer to identify, the name and account of the borrower; and ... includes a

22 statement of the reasons for the belief of the borrower, to the extent applicable, that the account

23 is in error or provides sufficient detail to the servicer regarding other information sought by the

24 borrower." <u>Id.</u> § 2605(e)(1)(B).

25    In the instant case, plaintiff's letter dated July 29, 2011 simply sought information

26 as to "the real property of interest or holder of the negotiable instrument." <u>See</u> FAC, Ex. D. It

6

1  did not dispute the validity of the loan or its servicing (e.g., whether Bank of America had failed
2  to credit her for payments she made pursuant to the loan).  See MorEquity, Inc. v. Naeem, 118 F.
3  Supp. 2d 885, 900-01 (N.D. Ill. 2000) (noting that the "[t]he counterclaim alleges [that the
4  request alleged] a forged deed, and irregularities with respect to the recoding of the two loans,
5  but [made] no claim with respect to improper servicing" and therefore dismissing claim pursuant
6  to § 2605(e)).  That a QWR must address the servicing of the loan, and not its validity, is borne
7  out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner
8  of the loan.

9         Accordingly, the undersigned finds that plaintiff's July 29, 2011 letter does not
10 constitute a QWR.  For this reason, plaintiff's RESPA claim should be dismissed with prejudice.

11        c.      The Truth in Lending Act

12        In her remaining federal claim, plaintiff alleges defendants violated Regulation Z
13 by failing to disclose the transfer of her mortgage to shareholders and investors.

14        TILA and its implementing regulation, 12 C.F.R. § 226 ("Regulation Z"), require
15 lenders to make certain disclosures in connection with consumer loans.  TILA's purpose is to
16 "protect consumers' choice through full disclosure and to guard against the divergent and at
17 times fraudulent practices stemming from uninformed use of credit."  King v. California, 784
18 F.2d 910, 915 (9th Cir. 1986).

19        i.      TILA Rescission

20        Insofar as the FAC can be construed to seek rescission of plaintiff's loan under
21 TILA, TILA gives a borrower a right to rescind any credit transaction involving a security
22 interest in the borrower's home if the lender fails to make the required disclosures.  15 U.S.C.
23 § 1635.  The right of rescission, however, does not apply to "residential mortgage
24 transaction[s]."  Id. § 1635(e)(1).  Section 1602(w) defines the phrase "residential mortgage
25 transaction" as "a transaction in which a mortgage, deed of trust, purchase money security
26 interest arising under an installment sales contract, or equivalent consensual security interest is

1  created or retained against the consumer's dwelling to finance the acquisition or initial
2  construction of such dwelling." 15 U.S.C. § 1602(w).  Plaintiff does not allege that the loan was
3  used for any reason other than to finance the acquisition of her home.  Accordingly, the court
4  concludes the that the mortgage transactions at issue in this case were residential mortgage
5  transactions within the meaning of 15 U.S.C. § 1602(w).

6  Moreover, rescission claims "shall expire three years after the date of the
7  consummation of the transaction or upon the sale of the property, whichever occurs first," 15
8  U.S.C. § 1635(f).  Where the creditor fails to provide to the consumer a notice of right to rescind
9  and all material disclosures, TILA implementation Regulation Z provides that "the right to
10  rescind shall expire three years after consummation, upon transfer of all of the consumer's
11  interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23.

12  Per the DOT, the loan transaction was consummated on September 22, 2004,
13  making September 22, 2007 the deadline for commencing a TILA rescission claim.  Plaintiff's
14  notice of rescission is contained in the FAC, which was not filed until November 22, 2011,
15  beyond the three-year time period.  There are no facts to justify equitable tolling.

16  To the extent that any right of rescission has not been extinguished, a plaintiff
17  seeking rescission under TILA must allege a present or future ability to tender the loan proceeds.
18  See Powell v. Residential Mortg. Capital, 2010 WL 2133011, at *4–5 (N.D. Cal. May 24, 2010)
19  (explaining the court's rationale for requiring a plaintiff to allege an ability to tender before
20  permitting the plaintiff to pursue a TILA rescission claim).  Plaintiff has not alleged that she has
21  the present ability to tender the loan proceeds or that she reasonably expects to be able to make
22  such tender in the near future.

23  Lastly, the court notes that the Subject Property was sold on July 22, 2011 to
24  defendant FEPRS, LLC.  RJN, Ex. F.  The subsequent sale of the Subject Property extinguished
25  any right plaintiff had to assert a claim for rescission.  See Davis v. Wells Fargo Bank N.A.,
26  2010

WL 1779927, at *5 (E.D. Cal. 2010); 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire . . . upon the sale of the property . . . ."). Thus, plaintiff is not entitled to rescission.

          ii.       <u>TILA Damages</u>

Plaintiff's FAC also seek damages for defendants' TILA violations. On review, the court finds that plaintiff's request for damages is untimely. A party alleging damages under TILA must bring a claim "within one year from the date of the occurrence of the violation." 15 U.S .C. § 1640(e). As a general rule, the statutory period "starts at the consummation of the [loan] transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986). As noted earlier, the loan transaction was consummated on September 22, 2004. Thus, plaintiff had until September 22, 2005 to bring a claim for damages pursuant to TILA. Plaintiff did not, however, state a TILA claim until she filed her FAC on November 22, 2011. There are no facts to justify equitable tolling. Thus, this claim should be dismissed with prejudice.

The undersigned finds that the analysis contained in these findings and recommendations apply equally to the non-moving, unserved defendants. Therefore, the court will recommend dismissal with prejudice of the FAC against these defendants as well.

    2.    <u>State Law Claims</u>

Because the court has determined that plaintiff's FAC does not state a valid cause of action arising under federal law, <u>see</u> 28 U.S.C. § 1331, the court lacks subject matter jurisdiction over the remaining claims. Plaintiff does not assert that jurisdiction is proper under diversity jurisdiction, 28 U.S.C. § 1332, and the FAC does not contain facts sufficient to establish that the parties are of diverse citizenship. Accordingly, plaintiff's state law claims will be dismissed without prejudice.

B.    <u>Motion to Strike</u>

Defendants have also filed a motion to strike portions of the FAC. Specifically, defendants ask that the following requests in the FAC be stricken: (1) request for quiet title; (2) request for injunctive relief; (3) request for punitive damages; and (4) request for attorneys' fees.

In light of the recommendation that the motion to dismiss be granted as set forth supra, this motion to strike should be denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' May 7, 2012 request for judicial notice be granted;

2. Defendants' May 7, 2012 motion to dismiss be granted;

3. Defendants' May 7, 2012 motion to strike be denied without prejudice;

4. Plaintiff's federal claims be dismissed with prejudice as to all named defendants; and

5. Plaintiff's remaining state law claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;cahi1688.mtd